JUSTICE HOLDRIDGE, dissenting: The disputed portion of Charlotte’s will reads: “I direct the executor to pay from the residue of my estate passing hereunder, without apportionment or reimbursement, all of my debts, all expenses of administration of property wherever situated passing under this will or otherwise, and all estate, inheritance, transfer, and succession taxes other than any tax on a generation-skipping transfer which is not a liability of my estate (including interest and penalties, if any) which become due by reason of my death.” (Emphasis added.) This language is clear, and the rationale employed by the majority betrays its understanding of the clarity. The majority rests its opinion on the fact that Charlotte’s residuary estate is insufficient to cover death taxes and administration expenses. To reach this point, however, one must first conclude that Charlotte indeed directed payment of taxes and expenses from her residuary estate — not from other assets through a scheme like equitable apportionment. This conclusion answers the certified question. Instead of accepting the answer, the majority manufactures testamentary ambiguity out of dislike for one of the results. No ambiguity exists. Charlotte explicitly directed payment of taxes and expenses from her residuary estate “without apportionment or reimbursement.” The majority overrules In re Estate of Fry, 188 Ill. App. 3d 336 (1989), as if Illinois trial courts lack a method for handling cases where equitable apportionment is disclaimed and the residuary estate cannot cover taxes and expenses. In reality, such a method already exists. See 755 ILCS 5/24 — 3(b) (West 2002); Landmark Trust Co. v. Aitken, 224 Ill. App. 3d 843 (1992). Fry should not be reversed. The Fry court simply did what it was supposed to do: honor the plain language of a will without being swayed by the consequences. I thus dissent from the majority’s opinion.